**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br>                 Plaintiffs, <br><br> vs. <br><br> ABLETON, INC., <br><br>                 Defendant. | Civil Action No. 6:14-cv-416-LED <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT ABLETON, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Ableton, Inc. ("Ableton" or "Defendant"), for its Answer and Counterclaims to the Complaint for Patent Infringement ("Complaint") of Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") in this action, states as set forth below.  The paragraphs below correspond to the paragraphs with the same number in the Complaint.  Ableton denies all allegations set forth in the Complaint not otherwise expressly admitted herein.

## PARTIES

1.     Ableton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and, accordingly, denies the same.

2.     Ableton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and, accordingly, denies the same.

3.      Ableton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and, accordingly, denies the same.

4.      Ableton is without knowledge or information sufficient to form a belief as to whether it does business in the Eastern District of Texas, and, accordingly, denies the same. Ableton admits the remaining allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Ableton admits that the Complaint purports to be an action that arises under the patent laws of the United States, Title 35 of the United States Code.  Ableton admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 1367 to adjudicate actions arising under the patent laws of the United States.  Ableton denies it has committed any act that would give rise to any cause of action asserted in the Complaint.

6.      Ableton denies the allegations contained in paragraph 6 of the Complaint.  .

7.      Ableton denies the allegations contained in paragraph 7 of the Complaint.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,490,216

8.      Ableton incorporates its responses to the allegations contained in paragraphs 1 through 7 above.

9.      Ableton admits that on its face, U.S. Patent No. 5,490,216 (the "'216 patent") indicates that it is entitled "System for Softward Registration."  Ableton also admits that Exhibit A to the Complaint appears to be a copy of the '216 patent.  Ableton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and, accordingly denies the same.

10.     Ableton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and, accordingly denies the same.

11.     Ableton denies that the '216 patent was duly and legally issued after a full and fair examination.  Ableton denies that the '216 patent is valid and enforceable.  Ableton denies the remaining allegations of Paragraph 11 of the Complaint.

12.     Ableton denies the allegations contained in paragraph 12 of the Complaint.

13.     Ableton denies the allegations contained in paragraph 13 of the Complaint.

14.     Ableton denies the allegations contained in paragraph 14 of the Complaint.

15.     Ableton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and, accordingly denies the same.

## UNILOC'S PRAYER FOR RELIEF

Ableton denies that Uniloc is entitled to the relief set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

16.     Ableton incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these affirmative defenses, Ableton does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Ableton reserves the right to amend this Answer with additional defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

17.     Ableton has not directly infringed and is not directly infringing any valid claim of the '216 patent.

**DEFENDANT ABLETON, INC.'S**
**ANSWER AND COUNTERCLAIMS**                                                                 **PAGE 3**

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

18.     The '216 patent is invalid, unenforceable, and void for failure to comply with the

conditions of patentability specified in Title 35 of the United States Code, including, but not

limited to, Sections 101, 102, 103, and 112 thereof.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

19.     By reason of the prior art and/or statements and representations made to and by

the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the applications that

led to issuance of the '216 patent, this patent is so limited that none of its claims can be properly

construed as covering any activity of Ableton.

## FOURTH AFFIRMATIVE DEFENSE
### (Issue Preclusion/Collateral Estoppel)

20.     Uniloc is precluded from re-litigating any issue on which there was a finding

adverse to it in any prior litigation.

## FIFTH AFFIRMATIVE DEFENSE
### (Use/Manufacture By/For United States Government)

21.     To the extent that any accused product or method has been used or manufactured

by or for the United States, Uniloc's claims and demands for relief are barred by 28 U.S.C.

§ 1498.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalid Claim)

22.     Uniloc is barred by 35 U.S.C. § 288 from recovering any costs associated with

this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

23.     Uniloc's claim for damages, if any, for alleged infringement, if any, of the '216

patent are limited by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (License)

24.     To the extent Ableton is found to infringe, it has express or implied license by

virtue of the license Uniloc granted to Microsoft and/or other licensees.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion)

25.     To the extent Ableton is found to infringe, Uniloc's claims are barred by the

doctrine of patent exhaustion by virtue of the license Uniloc granted to Microsoft and/or other

licensees.

## TENTH AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

26.     The allegedly infringing products and/or services provided by Ableton have

substantial non-infringing uses and therefore do not contribute to the infringement of the asserted

claims of the '216 patent.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Laches, Acquiescence and Waiver)

27.     Uniloc's claims for relief are barred, in whole or in part, by the doctrines of

estoppel, laches, acquiescence, and/or waiver due to the unreasonable delay in bringing this

action.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

28.     On information and belief, Uniloc lacks standing to assert claims for infringement of the '216 patent.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

29.     On information and belief, Uniloc has failed to mark embodiments of the '216 patent and/or failed to require one or more of its licensees to mark licensed products with the '216 patent as required by 35 U.S.C. § 287.

## COUNTERCLAIMS

Defendant Ableton, Inc. ("Ableton"), for its counterclaims against Uniloc, state as set forth below.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 2201, 2202, and 1338(a).

2.     This Court has personal jurisdiction over Uniloc because it filed the Complaint in this action.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c), and because Uniloc commenced this action in this District.

## THE PARTIES

4.     Ableton is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 36 W. Colorado Blvd., Suite 300, Pasadena, California 91105.

5.     In its Complaint, Counter-Defendant Uniloc USA, Inc. asserts that it is a Texas

corporation having its headquarters and principal place of business at Legacy Town Center I,

Suite 380, 7160 Dallas Parkway, Plano Texas 75024.

6.      In its Complaint, Counter-Defendant Uniloc Luxembourg S.A. asserts that it is a

Luxembourg public limited liability company having a principal place of business at 75,

Boulevard Grande Duchesse Charlotte, L-1331, Luxembourg.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

7.      Ableton repeats and realleges the foregoing paragraphs, as if fully set forth herein.

8.      Uniloc alleges in its Complaint that it owns all right, title, and interest in and to

U.S. Patent No. 5,490,216 (the "'216 patent").

9.      Uniloc, by its Complaint, has charged Ableton with direct infringement of the

'216 patent.

10.     Ableton denies any infringement and is not directly infringing any claim of the

'216 patent.

11.     Ableton seeks a judicial declaration that it does not directly infringe any valid

claim of the '216 patent.

12.     There exists, therefore, an actual controversy between Uniloc and Ableton with

respect to the '216 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

13.     Ableton repeats and realleges the foregoing paragraphs, as if fully set forth herein.

14.     The '216 patent is invalid and unenforceable for failure to comply with the

conditions of patentability specified in Title 35 of the United States Code, including, but not

limited to, Sections 101, 102, 103, and 112 thereof.

15.     Ableton seeks a judicial declaration that the '216 patent is invalid and/or unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Ableton respectfully prays for judgment against Uniloc as follows:

1.     Dismissing with prejudice the Complaint against Ableton;

2.     Declaring that Ableton does not directly infringe any valid claim of the '216 patent;

3.     Declaring that the '216 patent is invalid, unenforceable, and/or void;

4.     Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Ableton its attorneys' fees;

5.     Awarding to Ableton its costs and disbursements of this action; and

6.     Awarding such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Ableton hereby demands a jury trial on all issues so triable.


Dated: August 7, 2014                              Respectfully submitted,


                                                   */s/ Jennifer Klein Ayers*
                                                   Jennifer Klein Ayers
                                                   Texas Bar No. 24069322
                                                   jennifer.ayers@klgates.com
                                                   **K&L GATES LLP**
                                                   1717 Main Street, Suite 2800
                                                   Dallas, Texas 75201
                                                   Telephone:  214.939.5500
                                                   Facsimile:  214. 939.5849


                                                   Bryan J. Sinclair (*Pro Hac Vice*)
                                                   bryan.sinclair@klgates.com
                                                   **K&L GATES LLP**
                                                   630 Hansen Way

Palo Alto, CA  94304
Telephone:  650.798-6700
Facsimile:  650.798-6701

**ATTORNEYS FOR DEFENDANT
ABLETON, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 7, 2014.  Any other counsel of record will be served by facsimile transmission or by first class mail.


*/s/ Jennifer Klein Ayers*
Jennifer Klein Ayers